UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INCRETIN-BASED THERAPIES PRODUCTS LIABILITY LITIGATION<br><br>*As to All Related and Member Cases* | Case No.: 13-md-2452-AJB-MDD<br><br>**ORDER CLOSING CASE** |

On March 9, 2021, the Court issued an Order granting Defendant Amylin Pharmaceuticals, LLC ("Amylin"), Eli Lilly and Company ("Lilly"), Merck Sharp & Dohme Corp. ("Merck"), and Novo Nordisk Inc.'s ("Novo") motions for summary judgment based on preemption and lack of general causation, as well as their motions to exclude certain experts. (Doc. No. 4048.) In accordance with that Order, the Clerk of Court entered judgment in the above and related and member cases in favor of Defendants and against Plaintiffs. (Doc. No. 4051.) The Judgment by the Clerk of Court docketed in Case No. 13-md-2452 applies to all individual and member cases asserting claims of pancreatic cancer against Defendants.

On March 12, 2021, the Court issued "Order Directing Clerk to Maintain the Case Administratively Open." (Doc. No. 4052.) The Court did so to permit the filing of new

claims in this multidistrict litigation ("MDL") during the pendency of Plaintiffs' appeal of the Court's judgment in favor of Defendants. (*Id.*)

On October 5, 2021, the Ninth Circuit Court of Appeals granted Plaintiffs' unopposed motion to dismiss Amylin, Lilly, and Merck from the appeal. (Doc. No. 5532.)

On March 28, 2022, the Ninth Circuit affirmed this Court's judgment in favor of Novo Nordisk, dismissed Plaintiffs' appeal, and issued a corresponding formal mandate on April 19, 2022. (Doc. No. 6285.)

On June 24, 2022, the Plaintiffs' Steering Committee ("PSC") and Novo filed a joint stipulation representing, among other things, that the PSC has agreed not to seek appellate review or otherwise challenge the Ninth Circuit's affirmance of the merits appeal. (Doc. No. 6398 at 4.) Because the Ninth Circuit dismissed Plaintiffs' appeal, and the PSC agreed not to challenge the appellate court's decision, the Court, on July 11, 2022, revoked its mandate to keep the MDL administratively open. (Doc. No. 6420.)

On August 12, 2022, pursuant to a joint motion filed by the PSC and Defendants, the Court dismissed all remaining cases in the MDL, except for the three cases with pro se plaintiffs to ensure due process.[1] (Doc. No. 6538.) The Court issued a notice of hearing in the pro se cases, informing them of a hearing scheduled for September 15, 2022. The pro se plaintiffs did not appear at the hearing. Consequently, the Court dismissed their cases for lack of prosecution.

There being no pending cases or issues in this MDL, the Court orders the Clerk of Court to close this case.

**IT IS SO ORDERED**.

Dated: November 9, 2022

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Those were Case Numbers: 3:13-cv-00977, 3:12-cv-03079, and 3:14-cv-00559.